IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Skybridge Spectrum Foundation,[1] | ) | Case No. 16- 10626 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**APPLICATION PURSUANT TO SECTIONS 327(a) AND 1107 OF THE BANKRUPTCY CODE, FED. R. BANKR. P. 2014(a) AND DEL. BANKR. L. R. 2014-1 FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF SULLIVAN HAZELTINE ALLINSON LLC AS COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Skybridge Spectrum Foundation (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case, hereby submits this application (the "Application") pursuant to section 327(a) and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States of Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order authorizing the Debtor's retention of Sullivan Hazeltine Allinson LLC ("SHA" or the "Firm") as their bankruptcy counsel *nunc pro tunc* to the Petition Date. In support of this Application, the Debtor relies on the Declaration of Elihu E. Allinson III in support of this Application (the "Allinson Declaration"), which is attached hereto as Exhibit A, and further states the following:

---

[1] The last four digits of the Debtor's federal tax identification number are 8487. The Debtor's mailing address is 2509 Stuart Street, Berkeley, CA 94705.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for the relief sought herein are sections 327(a) and 1107 of the Bankruptcy Code.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Should it be determined that without the consent of the parties this Court is not empowered to enter final orders or final judgments consistent with Article III of the United States Constitution, Debtor so consents.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On March 11, 2016 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code commencing the above-captioned case. The Debtor is operating as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. No committee has yet been appointed or designated.

6. Prior to the Petition Date, the Debtor retained SHA to represent it in connection with the preparation and filing of this chapter 11 case.

## RELIEF REQUESTED

7. By this Application, the Debtor respectfully requests the entry of an order, pursuant to section 327(a) and 1107 of the Bankruptcy Code, authorizing it to employ and retain SHA as its bankruptcy counsel under a general retainer with regard to the filing of this chapter 11 case and all related matters, effective as of the Petition Date.

8. The Debtor seeks to retain SHA as its attorneys because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business

reorganizations under chapter 11 of the Bankruptcy Code, and because of SHA's expertise, experience, and knowledge in practicing before this Court. Furthermore, because of SHA's proximity to the Court, the Firm has the ability to quickly respond to all issues that may arise and other matters in this Court. The Debtor believes that SHA is well qualified to represent the Debtor in this chapter 11 case in an efficient and timely manner.

9. Subject to Court approval under section 330(a) of the Bankruptcy Code, compensation will be payable to SHA on an hourly basis, plus reimbursement of actual, necessary expenses, and other charges incurred by the Firm. The hourly rates charged by the Firm are consistent with the rates charged in non-bankruptcy matters of this type and are subject to periodic adjustment to reflect economic and other conditions. The specific attorneys and legal assistants presently designated to represent Debtor and their hourly rates include:

| Name | Role | Rate |
|---|---|---|
| William D. Sullivan | Member | $425 |
| William A. Hazeltine | Member | $375 |
| Elihu E. Allinson, III | Member | $350 |
| Heidi M. Coleman | Paralegal | $150 |

10. The Firm's hourly rates are set at a level designed to fairly compensate the Firm for the work of its professionals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by the Firm from time to time.

11. It is SHA's policy to charge its clients in all areas of practice for expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, photocopying, transcripts, witness fees and related charges, process server fees, travel expenses, certain secretarial and other overtime expenses, filing and recording fees, postage, express mail, and messenger charges. The Firm will charge the Debtor for these expenses in a manner and at

rates consistent with charges made generally to its other clients and consistent with the rules and practices of this Court.

12.   Pursuant to Local Rule 2016-2, SHA has agreed to comply with the requirements contained in any fee guidelines promulgated by the Bankruptcy Court.

13.   The professional services that SHA will render to the Debtor may include, but shall not be limited to, the following:

- (a) provide legal advice regarding the rules and practices of this Court applicable to the Debtor's powers and duties as debtor-in-possession under the Bankruptcy Code;

- (b) take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any action commenced against the Debtor, negotiations concerning all litigation in which the Debtor is or may become involved, and objections to claims filed against the Debtor's estate;

- (c) prepare and review on behalf of the Debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

- (d) appear before this Court, any appellate courts, and the United States Trustee and protect the interests of the Debtor's estate before such Courts and the United States Trustee;

- (e) perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this chapter 11 case.

14.   To the best of the Debtor's knowledge, and as set forth in the Allinson Declaration, SHA has not represented the Debtor's creditors or any other parties-in-interest, their respective attorneys and/or other professionals in any matter relating to the Debtor or its estate. Except as set forth herein and in the accompanying Allinson Declaration, to the best of the Debtor's knowledge, SHA has not represented any of the foregoing parties in matters unrelated to the Debtor's estate. Further, SHA does not represent any interest adverse to the Debtor's estate.

15. To the best of the Debtor's knowledge, and as set forth in the Allinson Declaration, SHA is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and the Firm's employment is necessary and in the best interests of the Debtor and the Debtor's estate.

16. To the best of the Debtor's knowledge, and as set forth in the Allinson Declaration, no member or employee of SHA is related to any United States Bankruptcy Judge in this District, the United States Trustee for such District, or any assistant or staff attorney for the United States Trustee.

17. As of the Petition Date, the Debtor did not owe SHA any amounts for legal services rendered before the Petition Date and thus SHA is not a creditor of the Debtor. As set forth in the Allinson Declaration, in anticipation of the bankruptcy filing, SHA received from the Debtor's principal in his individual capacity the total amount of $70,000.00 prior to the Petition Date (the "Pre-Petition Retainer"), as a retainer for legal services rendered and expenses incurred (including filing fees) in contemplation of the preparation, commencement, and prosecution of this chapter 11 case. The Pre-Petition retainer was applied to compensate SHA for pre-petition services rendered to the Debtor and to reimburse SHA for the expenses and costs incurred in rendering such services. A reconciliation of prepetition services credited against the Pre-Petition Retainer through the Petition Date is set forth below.

| Date | Retainer Deposit | Payment | Retainer Balance |
|---|---|---|---|
| March 8, 2016 | $5,000.00 | | $5,000.00 |
| March 10, 2016 | $65,000.00 | | $70,000.00 |
| March 11, 2016 | | $12,652.50 | $57,347.50 |

The Debtor's principal's remaining retainer balance held in SHA trust account is $57,347.50, which will be held pending further Order of this Court for application against post-petition fees and expenses rendered or incurred for or on behalf of the Debtor or returned to the Debtor's principal.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit B, authorizing the Debtor to employ and retain Sullivan Hazeltine Allinson LLC as bankruptcy counsel for the Debtor *nunc pro tunc* to the Petition Date, and grant such other further relief as is just and proper.

Dated:  March 11, 2016
        Wilmington, Delaware

**SKYBRIDGE SPECTRUM FOUNDATION**

_____
Warren Havens
President, Skybridge Spectrum Foundation