# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Skybridge Spectrum Foundation, | ) | Case No. 16- 10626 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DELARATION OF ELIHU E. ALLINSON III IN SUPPORT OF (A) THE DEBTOR'S**
**APPLICATION PURSUANT TO SECTION 327(a) AND 1107 OF THE BANKRUPTCY**
**CODE, FED. R. BANKR. P. 2014(a) AND DEL. BANKR. L. R. 2014-1 FOR**
**AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**SULLIVAN HAZELTINE ALLINSON LLC AS COUNSEL FOR THE DEBTOR**
**AND DEBTOR-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE,**
**AND (B) STATEMENT OF COMPENSATION PAID TO COUNSEL**
**PURSUANT TO 11 U.S.C. § 329, BANKRUPTCY RULE 2016(b), LOCAL RULE 2016-1**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | ss: |
| COUNTY OF NEW CASTLE | ) | |

I, Elihu E. Allinson III, being duly sworn, do hereby depose and state the following:

1.      I am a member of the law firm of Sullivan Hazeltine Allinson LLC ("SHA" or the "Firm").  I am admitted to practice law in the State of Delaware and before the U.S. District Court for the District of Delaware, the United States Court of Appeals for the Third Circuit, and the United States Supreme Court.  I am also admitted to practice law in the State of Maryland but have been on inactive status since admittance.

2.      I am authorized to make this affidavit on SHA's behalf.  I have personal knowledge of the matters stated herein except where I have indicated that I relied on specific information.

3.      This declaration is submitted pursuant to section 329(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1

of the Local Rules of Bankruptcy Practice and Procedure of the United States of Bankruptcy Court for the District of Delaware (the "Local Rules"), in support of the application of Skybridge Spectrum Foundation, debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), for an order pursuant to sections 327(a) and 1107 of the Bankruptcy Code, authorizing the employment and retention of Sullivan Hazeltine Allinson LLC as counsel for the Debtor *nunc pro tunc* to the Petition Date (the "Application").

4.      In March 2016, the Debtor retained SHA to represent it as bankruptcy counsel with respect to the Debtor's restructuring efforts and the filing of a chapter 11 petition and related documents because of SHA's expertise, experience, and knowledge in practicing before this Court.  The Firm is generally familiar with the Debtor's business affairs and the potential legal issues that may arise in the context of this chapter 11 case.

### DISINTERESTEDNESS OF PROFESSIONALS

5.      SHA has conducted, and continues to conduct, extensive research into its relationships with the Debtor, its creditors, the Office of the United States Trustee, attorneys and accountants of the foregoing, and other parties interested in this case.

6.      As part of this inquiry, SHA obtained from (and relied upon) the Debtor for the names of the following individuals or entities who may be parties-in-interest to this chapter 11 case: the Debtor, the members of Debtor's Board of Directors, the Debtor's executive officers, professionals sought to be retained by the Debtor in this bankruptcy case, the Debtor's secured creditors, the Debtor's twenty (20) largest unsecured creditors and the Debtor's creditor matrix (excluding former employees), and the Debtor's other potential creditors (collectively the "Potential Parties-in-Interest").  A list of the Potential Parties-in-Interest is attached hereto as Exhibit 1.  SHA has reviewed its records regarding contacts and/or conflicts with the Potential

Parties-in-Interest. This inquiry revealed neither SHA nor any of its attorneys has represented or has had a relationship with any of the Potential Parties-in-Interest within the past five (5) years except for the following: (1) in late 2008, for a brief two-week period, SHA represented Pepco Energy Services, Inc. in connection with an unrelated matter this is now closed and it is not known what, if any, relationship exists between SHA's prior client and the Debtor's potentially largest creditor, Pepco Holdings, Inc. Service Company; (2) SHA previously represented AT&T Corp., which may be a creditor of the Debtors or an affiliate thereof, in a case unrelated to these cases; (3) between 1999 and 2005 Mr. Allinson was a bankruptcy litigation associate at Potter Anderson & Corroon, LLP where Judge Silverstein was at the time a partner and practice chair supervising his work; (4) between 1994 and 2004, Mr. Hazeltine was originally a bankruptcy associate, then bankruptcy partner at Potter Anderson & Corroon, LLP working with Judge Silverstein; and (5) Mr. Allinson's relative resides at an assisted living facility located in Delaware with regard to which Judge Silverstein, upon information and belief, serves or has served as a volunteer board member and/or construction committee chair.

7.  Based on the foregoing, SHA is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its members and employees:

(a)  are not creditors or insiders of the Debtor;

(b)  are not and were not, within two years before the date of filing of the Debtor's chapter 11 petition, a director, officer, or employee of the Debtor; and

(c)  do not have interests materially adverse to the interests of the estate or of any class of creditors.

8.  I am not related to -- and to the best of my knowledge no attorney or employee at the Firm is related to -- any United States Bankruptcy Judge in this District, the United States Trustee for such District, or any assistant United States Trustee.

3

## ONGOING RESPONSIBILITIES

9.    At this time, based on information available to it, SHA does not anticipate any actual conflicts of interest with the Potential Parties-in-Interest.  The Firm will seek appropriate waivers of any actual conflict of interest should conflicts arise in the future.

10.    While SHA has undertaken extensive efforts to identify connections with the Debtor and other parties-in-interest, it is possible that connections with some parties-in-interest have not yet been identified.  Should SHA, through its continuing efforts, learn of any new connections of the nature discussed herein, the Firm will promptly advise the Court by updating this declaration.

11.    SHA will not, while employed by the Debtor, represent any other entity having an adverse interest in the matters upon which the Debtor seeks to retain SHA during the pendency of this case, with respect to any matter that has any relationship to this matter.

12.    I have read the Application of the Debtor for an order approving the retention of Sullivan Hazeltine Allinson LLC as bankruptcy counsel that accompanies this declaration and, to the best of my knowledge, information and belief, the contents of said Application are true and correct.

## SERVICES TO BE RENDERED

13.    The Debtor has requested that SHA render the following services in connection with this chapter 11 case:

(a)    advise the Debtor with respect to its powers and duties as debtor-in-possession in the continued management and operation of their business and properties;

(b)    take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any action commenced against the Debtor, negotiations concerning all litigation in which the Debtor is or may become involved, and objections to claims filed against the Debtor's estate;

4

(c)     prepare and review on behalf of the Debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the estates;

(d)     appear before this Court, any appellate courts, and the United States Trustee and protect the interests of the Debtor's estate before such Courts and the United States Trustee;

(e)     perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this chapter 11 case.

## PROFESSIONAL COMPENSATION

14.     As of the Petition Date, the Debtor did not owe SHA any amounts for legal services rendered before the Petition Date and thus SHA is not a creditor of the Debtor. In anticipation of the bankruptcy filing, SHA received from the Debtor's principal, Mr. Warren C. Havens, individually, the total amount of $70,000.00 prior to the Petition Date (the "Pre-Petition Retainer"), as a retainer for legal services rendered and expenses incurred (including filing fees) in contemplation of the preparation, commencement, and prosecution of these chapter 11 cases. Mr. Havens has retained independent legal counsel to advise him regarding his individual rights vis-à-vis the Debtor. The Pre-Petition retainer was applied to compensate SHA for pre-petition services rendered to the Debtor and to reimburse SHA for the expenses and costs incurred in rendering such services. A reconciliation of pre-petition services credited against the Pre-Petition Retainer through the Petition Date is set forth below.

| Date | Retainer Deposit | Payment | Retainer Balance |
|---|---|---|---|
| March 8, 2016 | $5,000.00 | | $5,000.00 |
| March 10, 2016 | $65,000.00 | | $70,000.00 |
| March 11, 2016 | | $12,652.50 | $57,347.50 |

The Debtor's principal's remaining retainer balance held in SHA's trust account is $57,347.50, which will be held pending further Order of this Court for application against post-petition fees and expenses rendered or incurred for or on behalf of the Debtor or returned to Mr. Havens.

15.     Subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of this Court, SHA intends to apply for compensation for professional services rendered in this case on an hourly basis, plus reimbursement of actual, necessary expenses and costs incurred by the Firm on the Debtor's behalf.

16.     SHA will charge its customary hourly rates in effect from time to time, which are consistent with the rates charged by SHA in bankruptcy and non-bankruptcy matters of this type. These hourly rates are subject to periodic adjustment to reflect economic and other conditions. In addition, it is the Firm's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's matters. The Firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and consistent with the rules, procedures, and orders of the Court.

17.     The specific attorneys and legal assistants presently designated to represent Debtor and their current hourly rates are:

| William D. Sullivan | Member | $425 |
| William A. Hazeltine | Member | $375 |
| Elihu E. Allinson, III | Member | $350 |
| Heidi M. Coleman | Paralegal | $150 |

18.     SHA further states, pursuant to Bankruptcy Rule 2016(b), that it has not shared, nor agreed to share any compensation it has received or may receive with another party or person, other than with the partners, counsel, and associates of SHA.

19.     Pursuant to Local Rule 2016-2, SHA agrees to and will comply with the

requirements contained in any fee guidelines promulgated by the Bankruptcy Court.

Signed this 11th day of March 2016 at Wilmington, Delaware.

Elihu E. Allinson III
Member
Sullivan Hazeltine Allinson LLC

7

# Exhibit 1

## POTENTIAL PARTIES-IN-INTEREST OF THE DEBTOR
## CHECKED FOR CONFLICTS AND CONNECTIONS

**Debtor**

Skybridge Spectrum Foundation

**Bankruptcy Judges**

Kevin J. Carey
Kevin Gross
Brendan L. Shannon
Laurie Selber Silverstein
Christopher S. Sontchi
Mary F. Walrath

**Office of the United States Trustee**

Andrew R. Vara, US Trustee
Thomas Patrick Tinker, Assistant US Trustee
David Buchbinder
Linda Casey
Natalie Cox
Tim Fox
David Gerardi
Benjamin Hackman
Mark Kenney
Jane Leamy
Hannah McCollum
Juliet Sarkessian
Richard Schepacarter

**Joint Venture Parties**

Verde Systems LLC
Telesaurus Holdings GB LLC
Environmentel LLC
Environmentel-2 LLC
Intelligent Transportation & Monitoring Wireless LLC
V2G LLC
ATLIS Wireless LLC

**Known Potential Creditors**

Pepco Holdings, Inc. Service Company
Federal Communications Commission
National Railroad Passenger Corporation ("Amtrak")
GE Transportation Systems Global Signaling, LLC,
PTC-220, LLC
Uecker & Associates, Inc.
Puget Sound Energy
Winne Banta
Baumgardner Fogg & Moore LLP
The Deckard Law Firm

1

## POTENTIAL PARTIES-IN-INTEREST OF THE DEBTOR
## CHECKED FOR CONFLICTS AND CONNECTIONS

**Known Potential Creditors - Continued**

Axiom Global Inc.
Drinker Biddle & Reath LLP
Adam R. Bernstein, Esq.
Stephen Hudspeth, Esq.
Rosenblatt Law PC
Raphael M. Rosenblatt, Esq.
Coburn & Greenbaum PLLC
Lowenstein Sandler
Arnold Leong
Warren Havens
Jimmy Stobaugh
Susan Uecker
Nossaman LLP
James Ming Chen
Marashlian & Donahue, PLLC
Rogers Joseph O-Donnell
PTC-220, LLC
McKenna Law Firm LLC
Chadbourne & Parke LLP
AT&T Corp.
Comcast
EBMUD
PG&E
Chesapeake Operating, Inc.
CT Corporation
Copeland Cook Taylor & Bush
Leong Partnership
Mincin Law, PLLC
The CommLaw Group
Currie Johnson & Myers, P.A.

**Taxing Authorities**

Internal Revenue Service

**Banks/Lenders**

Wells Fargo

**Insurer**

The Hartford