IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Skybridge Spectrum Foundation,[1] | ) | Case No. 16-10626 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S MOTION FOR ORDER AUTHORIZING DEBTOR TO
(A) CONTINUE AND MAINTAIN CONSOLIDATED CASH MANAGEMENT
SYSTEM AND BOOKS AND RECORDS, AND REPLACE AND BANK ACCOUNT;
(B) CONTINUE USE OF EXISTING BUSINESS FORMS; AND (C) GRANTING
INTERIM AND FINAL WAIVER OF SECTION 345 REQUIREMENTS**

Skybridge Spectrum Foundation, debtor and debtor-in-possession in the above captioned Chapter 11 case (the "Debtor"), hereby moves this Honorable Court (the "Motion"), pursuant Sections 105(a), 345 and 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), for the entry of an order authorizing the Debtor to resume and maintain its existing cash management system and books and records; replace its bank account; and continue using its existing business forms; and waive the requirements of section 345 of the Bankruptcy Code initially on an interim basis, and after a final hearing, on a final basis. In support of the Motion, the Debtor relies on and incorporates by reference the Declaration of Warren C. Havens in Support of Chapter Petition and First Day Pleadings (the "Havens Declaration"), filed with Court concurrently herewith. In further support of this Motion, the Debtors, by and through their undersigned counsel, state the following:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtor confirms its

---

[1] The last four digits of the Debtor's federal tax identification number are 8487. The Debtor's mailing address is 2509 Stuart Street, Berkeley, CA 94705.

consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it may be determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this case and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a), 345 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. Pre-Petition, effective November 16, 2015, the Debtor and seven related non-debtor entities were placed in receivership (the "Receivership") by order of the State of California Superior Court, Alameda County, Case No. 2002-070640.

5. On March 11, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware commencing the above-captioned chapter 11 case.

6. Debtor has demanded that the receiver (the "Receiver") immediately cease and desist from interfering with Debtor's property, turn over and account for all such property so that the Debtor can resume operation and maintenance of its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No committee or trustee has been appointed.

7. The factual background regarding the Debtor, including its business operations and the events leading to the filing of this bankruptcy case is set forth in detail in the Havens

Declaration with Appendices, filed concurrently herewith and fully incorporated by reference.[2]

## RELIEF REQUESTED

8. By this Motion, the Debtor seeks entry of an interim and final orders, pursuant to Bankruptcy Code sections 105(a), 363, and 364(a): (i) authorizing, but not directing, it to resume using the Debtor's existing cash management system and procedures and books and record; (ii) authorizing the replacement of its bank account, and (iii) authorizing a waiver of certain operating guidelines relating to these bank accounts set forth in the U.S. Department of Justice, Office of the United States Trustee: Guidelines for Debtor-in-Possession (the "U.S. Trustee Guidelines"), and (iv) waiving the requirements of section 345(b) of the Bankruptcy Code on an interim and final basis. The Debtor further seeks waiver of the requirements of Bankruptcy Rules 6003 and 6004.

## BASIS FOR RELIEF REQUESTED

### A. The Debtor's Cash Management System, Books and Records, and Bank Account.

9. The Debtor's existing QuickBooks accounting books and records system - business forms ("Accounting System") is structured to maximize efficiency within the Debtor's internal financial operations. In the ordinary course of business, the Debtor uses the Accounting System to streamline collection, transfer, and disbursement of funds generated by the Debtor's business operations.

10. Prior to the commencement of this chapter 11 case, in the ordinary course of its business, the Debtor maintained a bank account which it utilized to collect funds for its operations and to pay operating and administrative expenses in connection therewith. The bank account was maintained with Wells Fargo Bank, N.A. ("Wells Fargo"), and was designated as follows:

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Havens Declaration.

| Account Number | Account Name | Purpose |
| --- | --- | --- |
| ******4797 | Skybridge Spectrum Foundation Operating | Demand deposit account for cash receipts & payables |

11. Since the intervention of the Receivership, the Debtor has been advised that the Wells Fargo bank account has been closed. Accordingly, Debtor will need to establish a replacement account (the "Bank Account") if it is to resume its operations. The Debtor proposes to open a demand deposit account at Charles Schwab Bank and use it for the same purposes as the Wells Fargo bank account had been used. Charles Schwab Bank is familiar with the Receivership because some of the JV LLC's already maintain accounts there.

12. The Debtor believes that Charles Schwab Bank is a financially stable banking institution with FDIC insurance (up to an applicable limit, if any).

13. Since the intervention of the Receivership, the Debtor may not be current on all transactions undertaken by the Receiver that would be required to bring its Accounting System up to date.

14. The Accounting System, once populated with current data, and the Bank Account would comprise a working cash management system. Such system and procedures were utilized by the Debtor in the ordinary, usual, and essential business practices and are similar to those used by other private operating foundations. The cash management system facilitates cash forecasting and reporting, monitors collection and disbursement of funds, reduces administrative expenses by facilitating the movement of funds and the development of more timely and accurate balance and presentment information, and administers a bank account required to effect the collection, disbursement, and movement of cash. The cash management system benefits the Debtor in significant ways, including the ability to: (i) control foundation funds; (ii) ensure availability of

funds when necessary; and (iii) reduce administrative expenses by facilitating the movement of funds and the development of more timely and accurate balance and presentment information.

15. The operation of the Debtor's business requires that the cash management system be restored to full operational status and continue during the pendency of this chapter 11 case. Requiring the Debtor to adopt a new, segmented cash management system at this early and critical stage of this case would be expensive, would create unnecessary administrative problems, and would likely be much more disruptive than productive. Any such disruption could have an adverse impact upon the Debtor's ability to reorganize.

16. The U.S. Trustee Guidelines for a debtor-in-possession in order to supervise the administration of chapter 11 cases requires a debtor to, among other obligations: (a) close all existing bank accounts and open new debtor in possession bank accounts for which the signature cards shall indicate that the debtor is a "Chapter 11 Debtor-in-Possession"; (b) establish a new payroll account (not relevant here); and (c) maintain any funds in excess of the amount required for current operations in an interest-bearing account.

17. The Debtor seeks a waiver of the U.S. Trustee's requirements. The most efficient practice would be to replace the Bank Account as described above so as to avoid further disruption. The Bank Account is a critical component of an established cash management system that the Debtor needs to restore, maintain, and continue in order to ensure smooth collections and disbursements in the ordinary course. In order to avoid delays in payments to administrative creditors, to ensure as smooth a transition into chapter 11 as possible with minimal disruption, and to aid in the Debtor's effort to complete this case successfully and rapidly, the Debtor must be permitted to implement the Bank Account and, if necessary, open new and close existing

accounts, wherever needed, whether or not such banks are designated depositories in the District of Delaware.

18. The Debtor further requests that the Receiver be ordered to (i) immediately disclose to Debtor the name and account number of any bank account in which she is holding the Debtor's cash assets ("Receiver's Bank"), and (ii) immediately provide to Debtor a full accounting of Debtor's cash assets since inception of the Receivership. In the meantime, Debtor further requests that Receiver's Bank be restrained from honoring any check, draft, wire, or electronic funds transfer presented, issued, or drawn on such any account holding Debtor's cash assets and on account of a pre-petition claim unless: (i) authorized in an order of this Court; (ii) not otherwise prohibited by a "stop payment" request received from the Debtor; and (iii) supported by sufficient funds in the account in question.

19. To effectuate the foregoing, the Debtor requests that Receiver's Bank and Charles Schwab Bank be authorized and directed to rely on all representations from the Debtor as to which checks drawn on Debtor's funds should be honored or dishonored.

20. Indeed, bankruptcy courts routinely permit chapter 11 debtors to continue using their existing cash management system, generally treating requests for such relief as a relatively "simple matter." *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); see also *In re Columbia Gas Sys., Inc.*, 136 B.R. 930, 934 (Bankr. D. Del. 1992) (recognizing that an integrated cash management system "allows efficient utilization of cash resources and recognizes the impracticalities of maintaining separate cash accounts for the many different purposes that require cash"), aff'd in part and rev'd in part, 997 F.2d 1039 (3d Cir. 1993), *cert. denied. sub nom. Official Comm. of Unsecured Creditors v. Columbia Gas Transmission Corp.*, 510 U.S. 1110 (1994). Moreover, this Court has granted substantially similar relief in other

chapter 11 bankruptcy cases. *See, e.g., In re Swift Energy Co.*, Case No. 15-12670 (MFW) (Bankr. D. Del. Jan. 5, 2016) [Docket No. 60]; *In re Samson Resources Corp.*, Case No. 15-11934 (CSS) (Bankr. D. Del. Sept. 22, 2015) [Docket No. 87]; *In re Hercules Offshore, Inc.*, Case No. 15-11685 (KJC) (Bankr. D. Del. Aug. 14, 2015) [Docket No. 48]; *In re Signal International, Inc.*, Case No. 15-11498 (MFW) (Bankr. D. Del. Aug. 11, 2015) [Docket No. 204]; *In re Cal Dive International, Inc.*, Case No. 15-10458 (CSS) (Bankr. D. Del. May 6, 2015) [Docket No. 330]. The Debtor respectfully submits that such relief should be granted here.

**B.     The Debtor Requests that the Court Waive the Deposit Requirements of 11 U.S.C. §345(b) on an Interim Basis.**

21.     The Debtor requests that the Court waive the requirements of section 345(b) of the Bankruptcy Code on an interim basis and permit it to maintain its deposits in the Bank Account in accordance with its prepetition, pre-Receivership deposit practices until such time as the Debtor obtains this Court's approval to deviate from the guidelines imposed under section 345(b) of the Bankruptcy Code on a final basis or as otherwise ordered by the Court.

22.     Section 345(a) of the Bankruptcy Code authorizes deposits or investments of money of a bankruptcy estate, such as cash, in a manner that will "yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a). For deposits or investments that are not "insured or guaranteed by the United States or by a department agent or instrumentality of the United States or backed by the full faith and credit of the United States," section 345(b) of the Bankruptcy Code provides that the estate must require from the entity with which the money is deposited or invested a bond in favor of the United States secured by the undertaking of an adequate corporate surety. 11 U.S.C. § 345(b).

23.     A court may, however, relieve a debtor-in-possession of the restrictions imposed by section 345(b) for "cause." 11 U.S.C. § 345(b). Consistent with section 345(b) of the

Bankruptcy Code, Local Bankruptcy Rule 2015-2(b) provides that no waiver of "section 345 shall be granted by the Court, without notice and an opportunity for hearing, in accordance with these Local Rules." Nevertheless, Local Bankruptcy Rule 2015-2(b) further provides that "if a motion for such waiver is filed on the first day of a chapter 11 case in which there are more than 200 creditors, the Court may grant an interim waiver until a hearing on the Debtors' motion can be held." Although the Debtor is a small business debtor with approximately 50 creditors, the Debtor requests that the Court exercise its equitable discretion under 11 U.S. C. §105(a) to relieve the Debtor of the restrictions imposed by Section 345(b) on an interim basis for course, and enter an order waiving the requirements of Section 345(b) for thirty (30) days, without prejudice to the Debtor's ability to seek a further interim or final waiver.

## WAIVER OF BANKRUPTCY RULE 6004

24. To successfully implement the relief requested in the Motion, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent those rules are applicable.

## NOTICE

25. Notice of this Motion has been served on (i) the Office of the United States Trustee for the District of Delaware; (ii) each of the Debtors' twenty largest unsecured creditors and/or their counsel; and (iii) all parties that have requested special notice pursuant to Bankruptcy Rule 2002. Notice of the Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested, the Debtor respectfully submits that no further notice of this Motion is required.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court: (i) enter an Order, in substantially the same form as that attached as Exhibit A, granting the relief requested herein; (ii) schedule a final hearing on the Motion as soon as practicable thereto to consider entry of the Final Order substantially in the form annexed hereto as Exhibit B; and (iii) provide such other relief as the Court deems appropriate and just.

Date:  March 29, 2016
       Wilmington, Delaware

**SULLIVAN • HAZELTINE • ALLINSON LLC**

*/s/ E.E. Allinson III*
Elihu E. Allinson III (No. 3476)
901 North Market Street, Suite 1300
Wilmington, DE 19801
Telephone: (302) 428-8191
Facsimile: (302) 428-8195
Email: zallinson@sha-llc.com

*Proposed Attorneys for the Debtor
and Debtor-in-Possession*