IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Skybridge Spectrum Foundation,[1] | ) | Case No. 16-10626 (CSS) |
| | ) | |
| Debtor. | ) | Objection Deadline: April 29, 2016, 2016 at 4:00 p.m. |
| | ) | Hearing Date: May 6, 2016 at 1:00 p.m. |
| | ) | |

## MOTION OF THE DEBTOR FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Skybridge Spectrum Foundation (the "Debtor"), debtor and debtor-in-possession in the above captioned Chapter 11 case, hereby moves this Honorable Court (the "Motion") for the entry of an order, pursuant to sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), establishing procedures for interim compensation for services rendered and reimbursement of expenses incurred by professionals retained by the Debtor in this chapter 11 case. In support of this Motion, the Debtor states the following:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for the relief sought herein are sections 327(a) and 1107 of the Bankruptcy Code.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Should it be determined that without the consent of the parties this Court is not empowered to enter final orders or final judgments consistent with Article III of the United States Constitution, Debtor so consents.

---

[1] The last four digits of the Debtor's federal tax identification number are 8487. The Debtor's mailing address is 2509 Stuart Street, Berkeley, CA 94705.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On March 11, 2016 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code commencing the above-captioned case. The Debtor is operating as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. No committee has yet been appointed or designated.

6. Prior to the Petition Date, the Debtor retained SHA to represent it in connection with the preparation and filing of this chapter 11 case.

## RELIEF REQUESTED

7. Pursuant to sections 105(a) and 331 of the Bankruptcy Code and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtor seeks entry of an administrative order establishing certain procedures by which professionals retained pursuant to Sections 327, 328 and 331 of the Bankruptcy Code in this chapter 11 case (collectively, the "Professionals") may obtain interim compensation and reimbursement of expenses on a monthly basis, on terms that satisfy the requirements of Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). Such an order will streamline the professional compensation process and enable the court and all parties in interest to more effectively monitor the fees incurred by the Professionals. Such procedures will also avoid forcing the Professionals to finance this chapter 11 case while awaiting final approval of their fees and expenses.

## RETENTION OF PROFESSIONALS

8. The Debtor has filed, is filing contemporaneously herewith or anticipates filing in the near future, applications to retain certain professionals. The Debtor may seek to retain other estate professionals in this chapter 11 case as the need arises.

## PROPOSED INTERIM COMPENSATION PROCEDURES

9. The Debtor proposes that the Court adopt the following procedures (the "Compensation Procedures") for the allowance of interim compensation for services rendered and reimbursement of expenses incurred by the Professionals:

(a) On or before the 25th day of each calendar month (the "Application Due Date") following the month for which compensation is sought, each Professional seeking interim approval and allowance of its fees and expenses may file an application (the "Monthly Fee Application") with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "Compensation Period") and serve a copy of such Monthly Fee Application on each of the following parties (the "Notice Parties") by hand delivery, overnight mail or electronic mail:

    (i) Skybridge Spectrum Foundation, c/o 2649 Benvenue Ave., Berkeley, CA 94704, Attn: Warren Havens; and

    (ii) Counsel to the Debtor, Sullivan Hazeltine Allinson LLC, 901 North Market Street, Suite 1300, Wilmington, DE 19801, Attn: Elihu E. Allinson III, Esquire (zallinson@sha-llc.com); and

    (iii) The Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Gerardi, Esquire (david.gerardi@usdoj.gov); and

    (iv) Counsel for any statutory committee that may be appointed in this case.

(b) All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and shall include, as an exhibit, time records that itemize services.

(c) Each Notice Party will have twenty-one (21) days after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). If no objections are raised prior to the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application may file a "Certificate of No Objection" with the Court,

after which the Debtor shall be authorized to pay such Professional an amount equal to 80% of the fees and 100% of the expenses requested in its Monthly Fee Application (the "Maximum Interim Payment"). If an objection is properly filed pursuant to subparagraph (d) below, the Debtor shall be authorized to pay the Professional 80% of the fees and 100% of the expenses not subject to an objection (the "Actual Interim Payment"). The first Monthly Fee Application submitted by each Professional, which shall be due on or before May 25, 2016, shall cover the period from the Petition Date through and including April 30, 2016.

(d)     If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on such Professional and each Notice Party a written objection (the "Objection") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to such Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next quarterly fee application hearing or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties.

(e)     Beginning with the three-month period commencing on the Petition Date and ending on May 31, 2016, and at the end of each three-month period thereafter, each Professional must file with the Court and serve on the Notice Parties a request (a "Quarterly Fee Application Request") pursuant to Section 331 of the Bankruptcy Code, for interim Court approval and allowance of compensation for services rendered and reimbursement of expenses sought in the Monthly Fee Applications filed during such period (the "Interim Fee Period"). The Quarterly Fee Application Request will include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the local rules. Each Quarterly Fee Application Request shall be filed with the Court and served on the Notice Parties by no later than 45 days after the end of the applicable Interim Fee Period (the "Interim Fee Application Deadline"). The first Interim Fee Application Deadline shall be June 14, 2016, and the first Quarterly Fee Application Request shall cover the Interim Fee Period from the Petition Date through and including May 31, 2016. Any Professional who fails to file a Quarterly Fee Application Request when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as the Quarterly Fee Application Request is submitted.

(f)     The Debtor shall request that the Court schedule a hearing on Quarterly Fee Application Requests at least once every three (3) months or at such other intervals as the Court deems appropriate. If no Objections are pending, the Court may grant a Quarterly Fee Application without a hearing.

(g) The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

(h) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Quarterly Fee Application Request will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services rendered and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

10. The Debtor further requests that the Court limit service of the Monthly Fee Applications, Quarterly Fee Application Requests, final fee applications and Hearing Notices (as defined herein) as follows: (i) the Notice Parties shall be entitled to receive the Monthly Fee Applications, Quarterly Fee Application Requests, final fee applications, and notices of any hearing thereon (the "Hearing Notices") and (ii) parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only the Quarterly Fee Application Requests, final fee applications, and Hearing Notices. Providing notice of fee applications and requests in this manner will permit the parties most active in this chapter 11 case to monitor the fees and expenses incurred by Professionals and will avoid unnecessary duplication and mailing expenses.

11. Based on the foregoing, the Debtor respectfully submits that the proposed Compensation Procedures will (i) enable the Debtor, the Court and other parties-in-interest to closely monitor the costs of administering this chapter 11 case, and (ii) reduce the financial burdens imposed on the Professionals.

## BASIS FOR RELIEF

12. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court no

5

more than once every 120 days after an order for relief in a case under this title, or more often if the Court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. §331.

13. Congress' intent in enacting section 331 is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong. 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

14. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). This Court has regularly entered orders, pursuant to sections 105(a) and 331 of the Bankruptcy Code, establishing procedures providing for the interim compensation and expense reimbursement of professionals on a monthly basis.

15. The Debtor submits that the Compensation Procedures are appropriate and consistent with interim compensation procedures established in other chapter 11 cases in this District. *See, e.g., In re Tweeter Home Entertainment*, Ch. 11 Case No. 07-10787 (PJW) (Bankr. D. Del. Jul. 12, 2007).

16. The Debtor further submits that the efficient administration of this chapter 11 case will be significantly aided by implementing the Compensation Procedures. Accordingly, the

Debtor submits that the relief requested herein is in the best interests of the Debtor, its estate and creditors, and therefore should be granted.

## NOTICE

17. Notice of this Motion has been served on (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' twenty largest creditors; and (iii) all parties that have requested special notice pursuant to Bankruptcy Rule 2002.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order, in substantially the form attached hereto as Exhibit A, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: April 15, 2016  
Wilmington, Delaware

SULLIVAN • HAZELTINE • ALLINSON LLC

/s/ E.E. Allinson III
Elihu E. Allinson III (No. 3476)
901 North Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: zallinson@sha-llc.com

*Proposed Attorneys for the Debtors and Debtors-in-Possession*